**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**JAMES R DAVIS**                                                                                                  **PETITIONER**
*ADC #143465*

**V.**                                            **CASE NO. 2:20-cv-00117-JTK**

**GARY MUSSELWHITE**
*Warden, Grimes Unit ADC*                                                                          **RESPONDENT**

**ORDER**

### I. Introduction

Before the Court is James R. Davis's Amended Petition for Writ of Habeas Corpus. *Doc.* 6.[1] Davis is an inmate in the Arkansas Department of Corrections ("ADC"). On August 22, 2017, Davis pled guilty to two counts of Commercial Burglary, one count of Residential Burglary, and one count of Impairing a Vital Public Facility. *See Docs.* 9-2 at 1; 9-3 at 1; 9-4 at 1; 9-5 at 1. Davis did not file an appeal or petition for postconviction relief in State court. *See Doc.* 6 at 2-3. On May 28, 2020, Davis filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 alleging that 1) he did not appear before a judge during his plea hearing, 2) his guilty plea was not knowing, and 3) his sentence is invalid. *See Docs.* 6 at 7; 19 at 2. For the reasons stated below, the Court dismisses Davis's petition with prejudice.

### II. Background

#### a. Davis's State Proceedings

On October 29, 2014, Davis pled guilty to one charge of commercial burglary and received seven years of probation. *See State v. Davis*, 62CR-14-488 (St. Francis County Cir. Ct. October

---

[1] The italicized "*Doc.*" refers to the docket number entry in the Court's electronic filing system for this case. The Court will cite to the docket number entries rather than the title of each filing.

1

29, 2014)[2]. On May 23, 2017, Davis was charged in five new cases: 62CR-17-240, 62CR-17-241, 62CR-17-242, 62CR-17-243, 62CR-17-244. He was later charged in 62CR-17-298 for an incident in jail after he was arrested. A petition to revoke his probation in case 62CR-14-488 was filed on July 14, 2017. On August 22, 2017, the state court conducted a hearing where Davis pled guilty to some of the charges in exchange for others being nolle prossed. *See Doc.* 18-1 at 5-8. At that hearing, the court told Davis it would accept all the guilty pleas at once:

>THE COURT: I'm going to do your four cases. I'm going to do them all at one time. You're just going to answer one set of questions. It applies to all four.
>JAMES RAY DAVIS: Yes, sir.
>THE COURT: In each of the cases we just talked about, each of the plea statements appears to have you signature on them. Did you sign these plea statements?
>JAMES RAY DAVIS: Yes, sir.
>THE COURT: Did you read them or have them read to you before you signed them?
>JAMES RAY DAVIS: Yes, sir.
>THE COURT: Did you understand them?
>JAMES RAY DAVIS: Yes, sir.
>THE COURT: Did Mr. Mitchusson go over each of them with you?
>JAMES RAY DAVIS: Yes, sir.
>THE COURT: Did anyone force you or threaten you in any way to get you to sign the plea statements?
>JAMES RAY DAVIS: No, sir.
>THE COURT: Did you freely and voluntarily enter them?
>JAMES RAY DAVIS: Yes, sir.

*Id.* at 8. The court explained the rights Davis was waiving, including his right to a direct appeal, as a result of pleading guilty. *See id.* at 9. The prosecutor went on to read the factual basis for each charge, and Davis admitted the allegations. *See id.* at 11. The probation revocation in 62CR-14-488 and all charges in 62CR-17-242 and 62CR-17-244 were nolle prossed. Davis ultimately pled to the following charges:

---

[2] The Court takes judicial notice of the docket entries and pleadings filed in Davis's underlying State cases. It will cite each case by its case number.

1. One count of Commercial Burglary in 62CR-17-240,

2. One count of Residential Burglary in 62CR-17-241,

3. One count of Commercial Burglary in 62CR-17-243,

4. One count of Impairing of a Vital Public Facility in 62CR-17-298.

*See Docs.* 9-2 at 1; 9-3 at 1; 9-4 at 1; 9-5 at 1. He received a nine-year sentence in ADC for the first charge, and three concurrent ten-year probation sentences for the others to be served after his release from ADC. *See id.*

### b. Davis's Section 1983 Lawsuit

On December 26, 2018, Davis filed a section 1983 lawsuit alleging he was wrongly convicted. *See Davis v. Morledge, et al.*, No. 2:18-cv-00183-BSM, Doc. 1 (E.D. Ark. Dec. 26, 2018) ("*Davis I*"). In that lawsuit, he brought largely the same claims he brings in this petition: 1) he never saw a judge for the case he was sentenced to, 2) his guilty plea was not knowing, and 3) his sentence was invalid. *See Davis I*, Doc. 2 at 5-7. On January 8, 2019, U.S. District Judge Brian Miller dismissed Davis's complaint at the screening stage for failing to state a claim upon which relief can be granted. *See Davis I*, Doc. 4 at 2. Judge Miller found that Davis could not seek damages since his conviction had not been reversed and that "Davis also cannot obtain the other relief he seeks, release from prison, in this 42 U.S.C. section 1983 action. For that relief, Davis must file a federal *habeas* petition." *Id.* Davis appealed the dismissal, and the Eighth Circuit summarily affirmed Judge Miller's ruling without comment on June 20, 2019. *See Davis I*, Doc. 33 at 1. Davis then filed a petition for a writ of certiorari with the United States Supreme Court, but his petition was returned to him for refiling since it did not comply with the proper format. *See Doc.* 19 at 7.

### c. Davis's Present Claims

On May 28, 2020, Davis filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Davis's first claim is that he did not appear before a judge during his plea and sentencing hearing. *See Doc.* 6 at 5. Second, Davis claims his guilty plea was not knowing because he thought he was only pleading to a probation revocation and not new charges: "he did not call out the case number so that mean[s] everything is off the table [because] the plea is not right and the deal was not right." *Doc.* 19 at 2. Lastly, he claims his sentence is invalid because there is no way "[he] can be [pled] out to probation and prison at one time." *Id.*

## III. Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year time limitation for a state prisoner to file a federal habeas corpus petition. *See Jimenez v. Quarterman*, 555 U.S. 113, 114 (2009). The year "runs from the latest of four specified dates." *Id.* (citing 28 U.S.C. § 2244(d)(1)). The habeas statute tolls this one-year deadline while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Applying the relevant start date and statutory tolling to each of Davis's claims, they are time-barred.

Davis would know the factual basis of his first claim, that he did not appear before a judge, immediately after his plea hearing. He would have known the factual basis for his second two claims by the time his sentencing orders were filed since they list the charges he pled to and the sentences he received. Therefore, the specified date pertinent to each claim is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Davis's convictions were entered on August 24, 2017 (62CR-17-240), September 1, 2017 (62CR-17-241, 62CR-17-243), and September 25, 2017

(62CR-17-298). *See Docs.* 9-2 at 1; 9-3 at 1; 9-4 at 1; 9-5 at 1. The statute of limitations is tolled when applications for state post-conviction relief are pending, but Davis did not file an appeal or petition for postconviction relief in state court. *See Doc.* 6 at 2-3. Therefore, Davis had until September 25, 2018, one year after his latest sentencing order, to file for federal habeas relief. He filed the present petition on May 25, 2020, well past the one-year deadline. As discussed above, Davis appeared to have incorrectly raised his habeas claims in his earlier lawsuit, but he filed that after the expiration of the deadline and the mistaken pursuit of these claims in a section 1983 action would not warrant statutory tolling in any case. *See e.g.*, *Johnson v. Thaler*, No. C-11-015, 2011 U.S. Dist. LEXIS 76134, at *11-12 (S.D. Tex. July 14, 2011) ("There is no authority for the proposition that courts may add the good-faith, but mistaken, pursuit of a civil rights action to that list [of actions that toll AEDPA's limitations period], and ample authority to the contrary.") (collecting cases). Davis's habeas claims are untimely.

### IV.    Equitable Tolling

In cases where a petition is untimely, a federal habeas petitioner may be entitled to equitable tolling of the statute of limitations if he can show (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). Explaining why he did not appeal or petition for post-conviction relief in State court, Davis states he "can [barely] read or spell" and reads at a first-grade level. *Doc.* 6 at 5, 19. As Respondent notes, the Eighth Circuit has recognized that a habeas petitioner's "mental impairment can be an extraordinary circumstance interrupting the limitation period" if the petitioner shows the impairment "was so severe that it precluded him from filing court documents or seeking the assistance of others to do so." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (citations omitted). Since Davis filed his section 1983 lawsuit in

December 2018, the Government argues that "Davis cannot possibly meet this standard." *Doc. 9 at 5*. This Court agrees. Davis's ability to file his earlier lawsuit three months after the one-year deadline expired shows that his reading and writing level did not "[stand] in his way and [prevent] timely filing" of a habeas petition before the deadline expired. *Holland*, 560 U.S. at 649.

Finally, to the extent Davis claims he did not know about the statute of limitations or thought his section 1983 lawsuit would toll the deadline, a petitioner's lack of legal knowledge or confusion about the limitations period are not deemed extraordinary circumstances that warrant equitable tolling. *See Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (holding that petitioner's *pro se* status or lack of understanding of post-conviction rules does not justify equitable tolling); *see also Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). Davis cannot benefit from equitable tolling.

### V.     Actual Innocence

While Davis does not raise this issue, a petitioner can overcome AEDPA's statute of limitations through a gateway claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Since Davis has not presented new evidence, he cannot establish actual innocence. *See Nash v. Russell*, 807 F.3d 892, 899 (8th Cir. 2015) (citations omitted) (the first step in making a gateway claim of actual innocence is that "the 'allegations of constitutional error must be supported with new reliable evidence not available at trial.'").

### VI.    Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this

case, Davis has not made that showing.

### VII. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Petitioner James Ray Davis's § 2254 habeas petition, *Doc. 6,* is DENIED and DISMISSED WITH PREJUDICE.

2. A Certificate of Appealability is DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

IT IS SO ORDERED this 21st day of October, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE